RAPHAEL DAVID TATUM,

      Plaintiff,

      v.                                         Case No. 26-CV-262

JOSHUA GUEVARA, PAUL KAYE,
JULIE GIBBS, PATRICK KAINE,
AURORA HEALTH CARE INC.,
CITY OF NEW BERLIN WISCONSIN,
CITY OF WAUWATOSA, WISCONSIN, and
CITIES AND VILLAGES MUTUAL INSURANCE COMPANY,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Raphael David Tatum, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $71.22. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

On March 22, 2023, Plaintiff was an authorized overnight visitor in Room 111 at Aurora Zilber Family Hospice, operated by Aurora Health Care Inc. Compl. ¶ 17, Dkt. No. 1. Plaintiff's father was receiving end of life care in Room 111. *Id.* ¶ 18. Access to the room was restricted; visitors were screened by staff and the door to the room was closed. *Id.* ¶ 20.

At approximately 8:15 a.m. on March 22, 2023, Officer Joshua Guevara, Officer Paul Kaye, Officer Julie Gibbs, and Officer Patrick Kaine entered Aurora Zilber Family Hospice and requested access to Room 111. *Id.* ¶¶ 22–23. Aurora staff allowed the officers to proceed into the room without notifying the occupants or receiving consent from Plaintiff's father or the authorized visitors. *Id.* ¶ 24. Officer Gibbs knocked on the door, and Plaintiff's sister partially opened the door to see who was present. *Id.* ¶¶ 26–27. As soon as the door opened, Officer Gibbs and Officer Kaine entered the room. *Id.* ¶ 28. Plaintiff was asleep when the officers entered. *Id.* ¶ 34.

The officers handcuffed Plaintiff, detained him, and searched his person. *Id.* ¶¶ 35–36. The officers seized Plaintiff's cellphone and the $8,200 in cash in Plaintiff's possession. *Id.* ¶¶ 37–38. Plaintiff's sister had a fanny pack on her person. *Id.* ¶ 40. Even though she told the officers

3

that it belonged to her and did not consent to the officers searching it, the officers took the fanny pack because they thought it belonged to Plaintiff. *Id.* ¶¶ 40–42.

Plaintiff asserts that the officers did not have a warrant to enter the hospice room or to search or seize Plaintiff. *Id.* ¶ 45. He alleges that Officers Guevara and Kaye of the New Berlin Police Department acted outside of their lawful jurisdiction by attempting to police Milwaukee County incidents and rely on those incidents to establish probable cause. *Id.* ¶¶ 46–47. Plaintiff asserts that Officer Guevara committed perjury during a trial in Waukesha County Circuit Court on July 21 and 22, 2023. *Id.* ¶ 64.

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff claims that Officers Guevara, Kaye, Gibbs, and Kaine entered his father's hospice room without probable cause to believe Plaintiff committed a crime, without his or his father's consent, and without a warrant, and then handcuffed Plaintiff, conducted a search of his person, seized his property, and arrested him. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Subject to certain exceptions, warrantless searches and seizures are *per se* unreasonable. *See Illinois v. McArthur*, 531 U.S. 326, 330 (2001). At this stage, Plaintiff may proceed on a Fourth Amendment claim against Officers Guevara, Kaye, Gibbs, and Kaine.

4

Plaintiff also claims that the officers violated his right to privacy. To state a Fourth Amendment violation of privacy claim, the plaintiff must allege that the official's action infringed "an expectation of privacy that society is prepared to consider unreasonable" and that the government's invasion of his reasonable expectation of privacy was unreasonable. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (plurality opinion). Plaintiff alleges that the hospice room functioned as a temporary dwelling for his father and himself as a visitor, that he had a reasonable expectation of privacy in the hospice room, and that the officers' entry into the room was unreasonable. At this stage, Plaintiff may proceed on a violation of privacy claim against Officers Guevara, Kaye, Gibbs, and Kaine.

Plaintiff may not proceed on a civil conspiracy claim against the officers, however. To state a civil conspiracy claim under 42 U.S.C. § 1985, a plaintiff must allege that "an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citation omitted). "Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden . . . . [A] complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds . . . to deprive [a plaintiff] of his constitutional rights." *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2002). Plaintiff alleges that the officers met at the hospice facility, simultaneously entered the hospice facility together, and entered the hospice room without probable cause or a warrant in furtherance of the conspiracy. Plaintiff does not allege the "what, when, why, and how" of Defendants' alleged agreement to violate his rights, so his conclusory assertion of a conspiracy fails to state a claim.

5

Plaintiff also claims that the City of New Berlin and the City of Wauwatosa failed to train their officers.  A municipality is not liable under 42 U.S.C. § 1983 based solely on a theory of *respondeat superior* (failure to supervise).  *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, a plaintiff must allege that the municipality had a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers" that violated his constitutional rights.  *Id.* at 690.  Failure to train may constitute an official custom or policy for purposes of liability under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom [the officers] come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Liability attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by . . . policymakers."  *Id.* at 388–89.  "[O]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can [the municipality] be liable for such a failure under § 1983."  *Id.*

Plaintiff alleges that the municipalities failed to adequately train their officers on (1) probable cause theories and determinations, (2) jurisdictional limitations, (3) warrant requirements, and (4) distinctions of privacy rights between hospice facilities and public medical spaces.  He asserts that this conscious and final decision by policymakers constituted a deliberate indifference to an obvious and foreseeable risk of Fourth Amendment violations.  Based on the allegations in the complaint, Plaintiff may proceed on a *Monell* claim against the City of New Berlin and the City of Wauwatosa.

Plaintiff names Cities and Villages Mutual Insurance Company as a defendant.  Wisconsin law permits direct actions against insurers "covering liability to others for negligence."  Wis. Stat. § 632.24.  The terms of the statute do not allow a plaintiff to bring an action against an insurance company under § 1983 for alleged constitutional violations.  In other words, the statute does not

6

provide a basis upon which to assert a constitutional claim directly against the insurance company. *See Bladek v. Hoff*, No. 04-C-715, 2005 WL 8165830, at *1 (E.D. Wis. Feb. 23, 2005). Therefore, Cities and Villages Mutual Insurance Company will be terminated as a defendant.

In addition, Plaintiff cannot proceed against Aurora Health Care Inc. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). The complaint contains no allegations from which the Court can infer that Aurora Health Care Inc. was acting under the color of state law when it allegedly deprived Plaintiff of his rights. Therefore, the claims against Aurora Health Care Inc. must be dismissed. *See Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 337 (7th Cir. 2015).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Aurora Health Care Inc. and Cities and Villages Mutual Insurance Company are **TERMINATED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Joshua Guevara, Paul Kaye, Julie Gibbs, Patrick Kaine, City of New Berlin, and City of Wauwatosa pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs

are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

IT IS FURTHER ORDERED that Joshua Guevara, Paul Kaye, Julie Gibbs, Patrick Kaine, City of New Berlin, and City of Wauwatosa shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff shall collect from his institution trust account the $278.78 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

IT IS FURTHER ORDERED that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

IT IS FURTHER ORDERED that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

IT IS FURTHER ORDERED that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on April 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

9