RAPHAEL DAVID TATUM,

      Plaintiff,

      v.                       Case No. 26-CV-262

JOSHUA GUEVARA et al.,

      Defendants.

## ORDER

Plaintiff Raphael David Tatum filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated.  This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint.  Plaintiff seeks to add new defendants and assert new claims. The Court will grant Plaintiff's motion for leave to file an amended complaint and will screen the amended complaint pursuant to 28 U.S.C. § 1915A(b).

### SCREENING OF THE AMENDED COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of

the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

On March 22, 2023, Plaintiff was an authorized overnight visitor in Room 111 at Aurora Zilber Family Hospice. Plaintiff's father was receiving end of life care in Room 111. Access to

2

the room was restricted; visitors were screened by staff and the door to the room was closed. (Am. Compl. at 3).

At approximately 8:15 a.m. that day, Officer Joshua Guevara, Sgt. Paul Kaye, Officer Julie Gibbs, and Officer Patrick Kaine arrived at Aurora Zilber Family Hospice and asked Jane Doe 1, the front desk receptionist, for access to Room 111. Jane Doe 1 allowed the officers to access Room 111. Jane Doe 2, a member of the hospice staff, guided the officers to Room 111. Officer Gibbs knocked on the door, and Plaintiff's sister partially opened the door to see who was present. As soon as the door opened, Officers Gibbs and Kaine entered the room without asking for permission to enter. Plaintiff was asleep when the officers entered the room. (*Id.* at 3–4.)

The officers handcuffed Plaintiff and arrested him without probable cause. Officer Guevara, Officer Gibbs, Officer Kaine, and Sgt. Kaye searched Plaintiff and the hospice room without a warrant or probable cause. The officers seized $8,200.00 in cash and a cell phone from Plaintiff. As Plaintiff was being escorted from the room, Officers Gibbs and Kaine reentered the room and seized his sister's fanny pack. (*Id.* at 4–5.)

Plaintiff asserts that the officers relied on stale, out-of-county incidents to establish probable cause. He also alleges that Officer Guevara committed perjury during a hearing held in Waukesha County Circuit Court on July 21 and 26, 2023. (*Id.* at 5–7.)

**ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

Plaintiff asserts that Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine entered his father's hospice room without probable cause to believe Plaintiff committed a crime, without his or his father's consent, and without a warrant. He alleges they handcuffed him, arrested him, conducted a search of his person, seized his property, and unlawfully detained him without probable cause. The Fourth Amendment protects the "rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Subject to certain exceptions, warrantless searches and seizures are *per se* unreasonable. *See Illinois v. McArthur*, 531 U.S. 326, 330 (2001). At this stage, Plaintiff may proceed on Fourth Amendment unlawful entry, unreasonable search, illegal seizure of property, false arrest, and unlawful detention claims against Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine.

Plaintiff also seeks to proceed on a failure to intervene claim against these officers. "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Again, at this stage in the proceedings, Plaintiff may proceed on a failure to intervene claim against Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine. Plaintiff cannot proceed on a supervisory liability claim against Sgt. Kaye, however, because there is no supervisory liability under § 1983. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

In addition, Plaintiff claims that Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine violated his right to privacy. To state a Fourth Amendment violation of privacy claim, the plaintiff must allege that the official's action infringed "an expectation of privacy that society is prepared to consider unreasonable" and that the government's invasion of his reasonable expectation of privacy was unreasonable. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (plurality opinion). Plaintiff alleges that the hospice room functioned as a temporary dwelling for his father and himself as a visitor, that he had a reasonable expectation of privacy in the hospice room, and that the officers' entry into the room was unreasonable. Based on these allegations, Plaintiff may proceed on a violation of privacy claim against Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine.

Plaintiff does not state a conspiracy claim against the officers and Jane Doe hospice staff. To state a civil conspiracy claim under 42 U.S.C. § 1983, a plaintiff must allege that "an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citation omitted). "Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden . . . . [A] complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds . . . to deprive [a plaintiff] of his constitutional rights." *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2002). Plaintiff alleges that the officers "met in the parking lot to have a meeting of the minds and to conspire." (Am. Compl. at 3.) He asserts that the hospice staff participated in the conspiracy by coming to "a meeting of the minds" and allowing the officers to enter the room. (*Id.* at 9–10.) These vague and conclusory allegations do not support a conspiracy claim under § 1985.

Plaintiff also claims that the City of New Berlin and the City of Wauwatosa failed to train their officers.  A municipality is not liable under 42 U.S.C. § 1983 based solely on a theory of *respondeat superior* (failure to supervise).  *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, a plaintiff must allege that the municipality had a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers" that violated his constitutional rights.  *Id.* at 690.  Failure to train may constitute an official custom or policy for purposes of liability under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom [the officers] come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Liability attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by . . . policymakers." *Id.* at 388–89.  "[O]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can [the municipality] be liable for such a failure under § 1983."  *Id.*

Plaintiff alleges that the municipalities failed to adequately train their officers on (1) probable cause theories and determinations, (2) warrant requirements for private dwellings, other than residential properties, (3) the privacy rights of patients and visitors at hospice facilities, (4) the warrant requirements for search and seizures of property, and (5) handling a refusal of consent to search.  He asserts that this conscious and final decision by policymakers constituted a deliberate indifference to an obvious and foreseeable risk of Fourth Amendment violations.  Based on the allegations in the complaint, Plaintiff may proceed on a *Monell* claim against the City of New Berlin and the City of Wauwatosa.

Plaintiff claims that, pursuant to Wis. Stat. § 895.46, the City of New Berlin and the City of Wauwatosa are liable for the unconstitutional conduct of their officers taken as part of their employment with the cities.  However, § 895.46 does not provide an independent private cause of

6

action. *See Perez v. Guetschow*, No. 23-cv-153, 2023 WL 6444905, at *1–2 (E.D. Wis. Oct. 3, 2023). Therefore, the Court will dismiss Plaintiff's state-law indemnification claim against the cities.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend the complaint (ECF No. 13) is **GRANTED**. The clerk's office is directed to detach and e-file the amended complaint (ECF No. 13-1).

**IT IS FURTHER ORDERED** that Jane Doe 1 and Jane Doe 2 are **TERMINATED** as defendants in this case.

**IT IS FURTHER ORDERED** that Defendants Officer Guevara, Sgt. Kaye, Officer Gibbs, Officer Kaine, the City of New Berlin, and the City of Wauwatosa file a responsive pleading to the amended complaint consistent with the Federal Rules of Civil Procedure.

Dated at Green Bay, Wisconsin on June 15, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

7