RAPHAEL DAVID TATUM,

Plaintiff,

v.                                                          Case No. 26-CV-262

JOSHUA GUEVARA et al.,

Defendants.

## ORDER

Plaintiff Raphael David Tatum, who is currently incarcerated at Green Bay Correctional Institution, is representing himself in this 42 U.S.C. § 1983 case. On June 15, 2026, the Court screened the amended complaint and allowed Plaintiff to proceed on Fourth Amendment and failure to intervene claims against Officer Joshua Guevara, Sgt. Paul Kaye, Officer Julie Gibbs, and Officer Patrick Kaine as well as *Monell* claims against the City of New Berlin and the City of Wauwatosa. (ECF No. 14.) On July 13, 2026, Plaintiff filed a motion for reconsideration of the Court's screening order. (ECF No. 18.)

Plaintiff's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim and multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff argues that the Court erred in dismissing his conspiracy claims against Defendants. To state a civil conspiracy claim under 42 U.S.C. § 1983, a plaintiff must allege that "an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citation omitted). "Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden . . . . [A] complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds . . . to deprive [a plaintiff] of his constitutional rights." *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2002). To allege a "meeting of the minds," the plaintiff must satisfy the following:

> (1) allege the existence of an agreement; (2) if the agreement is not overt, the alleged acts must be sufficient to raise the inference of mutual understanding (*i.e.*, the acts performed by the members of a conspiracy are unlikely to have been undertaken without an agreement); and (3) a whiff of the alleged conspirators' assent . . . must be apparent in the complaint.

*Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff alleges that at approximately 8:15 a.m. on March 22, 2023, Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine arrived at the Aurora Zilber Family Hospice parking lot to have a "meeting of the minds" and conspire to enter Room 111, Plaintiff's father's hospice room, to conduct a warrantless arrest with no probable cause or judicial authorization. He alleges that, after a brief discussion and the making of an agreement to conduct the warrantless arrest by entering the private hospice room despite having no probable cause, the officers entered the hospice facility together, approached the front desk receptionist, Jane Doe 1, and requested access to Room 111. Plaintiff asserts that Jane Doe 1, "in furtherance of the conspiracy," came to a

2

meeting with the minds with the officers and agreed to allow the visibly armed and unauthorized visiting officers to access Room 111, despite it violating hospice visitor protocols and policies. He claims that Jane Doe 1 agreed to bypass the policies in order to further the conspiracy to violate Plaintiff's privacy rights. Plaintiff alleges that Jane Doe 2, another hospice staff member, participated in the conspiracy by guiding the officers to Room 111. He claims that, in order to conceal the conspiracy, Officer Guevara committed perjury during a Franks hearing. (ECF No. 15, ¶¶ 21–24, 78–87.)

After giving consideration to Plaintiff's allegations, the Court will allow him to proceed on a civil conspiracy claim against Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine. Plaintiff does not state a conspiracy claim against the Jane Doe hospice staff members, however. Plaintiff asserts that Jane Doe 1 furthered the conspiracy by agreeing to allow the officers to access Room 111 and that Jane Doe 2 participated in the conspiracy by guiding the officers to Room 111. Plaintiff asserts that Defendants had a meeting of the minds, but this is a legal conclusion unsupported by factual allegations. Even though the Jane Doe hospice staff members agreed to allow the officers to access the room, there are no allegations from which the Court can infer that they agreed to be part of the conspiracy. Nothing in the amended complaint suggests a plausible "whiff of the alleged conspirators' assent" or that the acts performed the Jane Doe hospice staff members were unlikely to have occurred in the absence of an agreement. *Amundsen*, 218 F.3d at 718; *see also Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002) (explaining that "a conspiracy is an agreement, and a spontaneous response to information furnished one is not action pursuant to an agreement"). In sum, Plaintiff fails to state a conspiracy claim against the Jane Doe hospice staff members.

Plaintiff also requests that he be allowed to proceed on a supervisory liability claim against Sgt. Kaye. There is no supervisory liability under § 1983, however. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). The Court has allowed Plaintiff to proceed on Fourth Amendment and failure to intervene claims against Sgt. Kaye based on his personal involvement. In short, the Court did not err in dismissing Plaintiff's supervisory liability claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No. 18) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to Plaintiff's request that he be permitted to proceed on a civil conspiracy claim against Officer Guevara, Sgt. Kaye, Officer Gibbs, and Officer Kaine. The motion is denied in all other respects.

Dated at Green Bay, Wisconsin on July 21, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

4